Filed 7/1/22 P. v. Bryant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094225 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01946) |
| v. | |
| SHOREEM DOMINIQUE BRYANT, | |
| Defendant and Appellant. | |

Defendant Shoreem Dominique Bryant appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95[1] and Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). Defendant argues the trial court erred in concluding that he was ineligible for relief as a matter of law at the prima facie stage of the petition process. We will affirm the trial court's order.

---

[1] Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

A.   *The underlying conviction*

For expediency, we will incorporate relevant information from the published opinion in defendant's prior appeal, *People v. Vasquez* (2016) 246 Cal.App.4th 1019 (*Vasquez*):

"Defendants Marquon Deanthony Vasquez and Shoreem Dominique Bryant were tried together in front of separate juries for murder and attempted murder with allegations these crimes were committed for the benefit of a street gang.  Vasquez fatally shot Deandra Horton and wounded her companion, Tionee Duncan, who was confined to a wheelchair.  Bryant had driven Vasquez to where the shooting took place and was also the getaway driver.  The shooting was in retaliation for an altercation between Vasquez's cousin (Kaveon Plummer-Lee) and one of Duncan's friends (Marcus Lebeau).  Bryant, Vasquez, and Plummer-Lee were members of the North Highlands Gangster Crips.  Lebeau was a member of the rival Bloods.

"The first jury found Vasquez guilty of second degree murder (a lesser included offense of the charged first degree murder) and attempted voluntary manslaughter (a lesser included offense of the charged attempted murder) and found not true the gang enhancements.  The second jury found Bryant guilty as an aider and abettor of both first degree murder and attempted murder and found true the gang enhancements."  (*Vasquez, supra*, 246 Cal.App.4th at p. 1021.)

The trial court sentenced defendant on count one, first degree murder (§ 187, subd. (a)), to 25 years to life plus a consecutive term of 25 years to life for the gang enhancement (§ 12022.53, subd. (e)(1)) and one year for a prior prison term (§ 667.5, subd. (b)), and on count two, attempted murder (§§ 664, 187, subd. (a)), a concurrent term of seven years to life plus 25 years to life for the gang enhancement (§ 12022.53, subd. (e)(1)), for a total aggregate term of one year plus 50 years to life.

On appeal, we upheld defendant's conviction and affirmed the judgment. (*Vasquez, supra*, 246 Cal.App.4th at p. 1026.)

B.      *The section 1170.95 petition*

On June 24, 2019, defendant filed a petition for resentencing under section 1170.95 with a check-the-box form and a handwritten declaration stating that he was eligible for resentencing because:  (1) defendant "was called to the crime after the incident occurred"; (2) trial testimony proved he "was not the shooter and was not with the shooter when he committed the crime"; (3) the original charge was "accessory after the fact," but "was amended 4 months into the case to attempt to pressure [defendant] into testifying against the shooter"; and (4) defendant "had no idea a crime had been committed when the shooter had called him for assistance."

As requested in the petition, the trial court appointed counsel for defendant.

The People moved to dismiss the petition, arguing, among other things, that defendant was found guilty of first degree murder on a direct aiding and abetting theory. Accordingly, defendant was not among the class of offenders eligible for relief under section 1170.95.

On reply, defendant argued he was not the shooter and could only have been convicted under a natural and probable consequences theory.  Defendant reasoned that he could not now be convicted of aiding and abetting murder because, under the changes to section 188 made by Senate Bill 1437, he lacked the requisite mental state, intent to kill. Defendant maintained the record showed that the only intent he had with respect to the shooting was to drive codefendant Vasquez away from the scene, but there was no proof that he intended to assist in a murder.  Defendant contended the record showed he had no idea Vazquez planned to kill Duncan or Horton and did not learn what Vasquez had done until defendant arrived at the scene.  Defendant also argued that no "conclusive evidence" showed Vasquez and defendant had created a plan before the shooting.  Lastly, defendant contended he was not a major participant in crimes of conviction as measured by the

3

factors in *People v. Banks* (2015) 61 Cal.4th 788, 803, and did not act with reckless indifference to human life.

    C.    *The trial court's ruling*

On May 5, 2021, the trial court denied defendant's petition in a written ruling. The court explained that, as stated in our opinion in *Vazquez*, the jury was not instructed on the natural and probable consequences doctrine on aiding and abetting, but rather instructed with CALCRIM No. 401 on direct aiding and abetting. The trial court further noted we rejected defendant's argument on appeal that the jury could have erroneously found him guilty of first degree murder on a natural and probable consequences theory. Section 1170.95 and its legislative history show that the statute affords relief only to a person convicted of felony murder or under the natural and probable consequences doctrine. Where the record of conviction contains substantial evidence on which a reasonable trier of fact could find a defendant guilty beyond a reasonable doubt under current law, despite changes made by Senate Bill 1437, the petition has failed to make a prima facie showing and the petition must be denied even though the allegations, if true, would meet the statutory criteria for relief. The court concluded that our decision and the record of conviction clearly demonstrated defendant was not convicted under a natural and probable consequences theory and is not entitled to relief.

The trial court also quoted *People v. Garcia* (B300163, opn. filed Nov. 4, 2020, review granted Feb. 10, 2021, S265692),[2] explaining the meaning of " 'prima facie showing,' " which included the following statement: "[I]n determining whether the

---

[2]    On December 29, 2021, the California Supreme Court transferred *People v. Garcia* to the Court of Appeal with directions to vacate and reconsider the decision in light of *People v. Lewis* (2021) 11 Cal.5th 952, 971-972 (*Lewis*), and ordered the appellate court's opinion "depublished" or "not citable."

petitioner has made a prima facie showing of entitlement under section 1170.95, the trial court is not required to accept the allegations in the petition as true."

Defendant timely appealed.

DISCUSSION

A.    *Background*

Senate Bill 1437 (Stats. 2018, ch. 1015, § 2, eff. Jan. 1, 2019) amended section 188 to require proof of personal malice aforethought in all murder convictions, except in felony murder cases where a defendant is liable for murder only if he or she is the actual killer, aided and abetted the actual killer, or was major participant in the underlying felony and acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e).) "The effect of the new law was to eliminate liability for murder under the natural and probable consequences doctrine. [Citation.]" (*People v. Offley* (2020) 48 Cal.App.5th 588, 594; see also *People v. Gentile* (2020) 10 Cal.5th 830, 838-839.) Criminal liability for direct aiding and abetting did not change. (*Offley, supra*, at pp. 595-596.) Senate Bill 1437 also enacted section 1170.95, permitting a defendant to petition to vacate a murder conviction and seeking resentencing where the defendant could not have been convicted by the new law. (Stats. 2018, ch. 1015, § 4; *Gentile, supra*, at p. 843.)

When the trial court ruled on defendant's petition, section 1170.95 did not expressly permit a petition for resentencing on an attempted murder conviction. (*People v. Porter* (2022) 73 Cal.App.5th 644, 651-652.) Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) (Stats. 2021, ch. 551, §§ 1-2) amended section 1170.95 to " '[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' (Sen. Bill No. 775; Stats. 2021, ch. 551, § 1, subd. (a).) These amendments took effect on January 1, 2022." (*Porter, supra*, at pp. 651-652, fn. omitted.)

5

Section 1170.95, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*Lewis, supra*, 11 Cal.5th at pp. 960, 961-963, 964.) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, then the trial court moves on to subdivision (c), appointing counsel (if requested) and following the briefing schedule set forth in the statute. (*Lewis*, at pp. 965-966.) Following the completion of this briefing, the trial court holds a hearing and determines whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c).)

As the high court explained in *Lewis*: "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citations.]" (*Lewis, supra*, 11 Cal.5th at p. 971; see also *People v. Coley* (2022) 77 Cal.App.5th 539, 545-546.)

B.     *Analysis*

Here, the trial court denied defendant's petition at the prima facie stage (§ 1170.95, subd. (c)) after determining that defendant was not tried under a theory eligible for relief under Senate Bill 1437. Rather, defendant's convictions for murder and attempted murder were premised upon direct aider and abettor liability.

6

Relying principally on *Lewis*, defendant argues that the trial court incorrectly stated that it was not required to accept the allegations of the petition as true. However, defendant acknowledges that the court also relied on authority that the allegations of the petition may be refuted by the record of conviction. Indeed, as mentioned, *Lewis* so held. (*Lewis, supra*, 11 Cal.5th at p. 971.) That is the case here.

Nonetheless, defendant maintains that, as a result of the court's incorrect statement that the allegations of the section 1170.95 petition need not be taken as true, the trial court ignored the evidence, for example, that defendant was not at the scene of the murder until after it occurred. But defendant also acknowledges that the trial court cited cases holding that a petitioner is not eligible for relief where, as here, the jury was not instructed on the natural and probable consequences doctrine.[3] One such case cited by both the trial court and defendant, *People v. Soto* (2020) 51 Cal.App.5th 1043, held that the defendant "did not make a prima facie showing that he is entitled to relief under section 1170.95" because the jury was not instructed on the natural and probable causes doctrine, therefore "the jury instructions given at his trial conclusively demonstrate as a matter of law that he was not convicted of murder under a natural and probable consequences theory . . . ." (*Soto, supra*, at p. 1059.) The court in *Soto* explained that "[t]he jury instructions given at a petitioner's trial may provide 'readily ascertainable facts from the record' that refute the petitioner's showing, and reliance on them to make the eligibility or entitlement determinations may not amount to 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 1055; see also *People v. Daniel* (2020) 57 Cal.App.5th 666, 676-677; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205-206 [the defendant was ineligible for resentencing under section 1170.95 where

---

**3** To the extent defendant conflates in his briefing the requirements of proof for felony murder, that theory was not applicable either as there was no underlying felony charged.

7

jury was instructed that the defendant could be found guilty only as a direct perpetrator or direct aider and abettor, and was not instructed on the natural and probable consequences doctrine].)

In this instance, as stated in our prior opinion cited by the trial court, the jury was instructed only with CALCRIM No. 401 on direct aiding and abetting. (*Vazquez, supra*, 246 Cal.App.4th at p. 1024, fn. 1.) Thus, not only was the jury not instructed on the natural and probable consequences doctrine, but jurors were instructed on direct aiding and abetting liability under CALCRIM No. 401. A fortiori, defendant could not establish a prima facie case of eligibility under section 1170.95. (See *People v. Estrada* (2022) 77 Cal.App.5th 941, 947-948 [defendant was ineligible for section 1170.95 relief where jury was instructed with CALCRIM No. 401 on aiding and abetting and not on natural and probable consequences theory]; *People v. Coley, supra*, 77 Cal.App.5th at p. 546 [same].) Moreover, as to the principal fact on which defendant relies, that he was not present when the shooting occurred, CALCRIM No. 401 instructs the jury, and the trial court noted, if the requirements for direct aiding and abetting are proved, " 'the defendant does not need to actually have to be present where the crime was committed to be guilty as an aider and abettor.' " (*Vazquez*, at p. 1024, fn. 1.)

Given the instructions in this matter, the jury necessarily found defendant was a direct aider and abettor to first degree murder and attempted first degree murder, and therefore he is ineligible for relief under section 1170.95 as a matter of law.

DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

                                             <u>KRAUSE</u>, J.

We concur:

<u>ROBIE</u>, Acting P. J.

<u>DUARTE</u>, J.

9